[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POST JUDGMENT MOTION
A judgment entered in the above matter on November 27, 1998. No appeal, Motion for Clarification, articulation or Motion to Open Judgment having been filed, the judgment is final. The judgment incorporated by reference the June 20, 1995 Separation Agreement into the decree. Four post judgment motions were filed and heard by this court on February 5, 1999. One motion was decided from the bench on February 5, 1999.
After hearing, oral argument, reviewing the file and the notes of the undersigned made during trial, the court enters the following orders on the remaining three Motions:
I. MOTION FOR ORDER, dated December 10, 1998, motion #192
The clerk of the Superior Court is currently holding the $120,000.00, proceeds from the sale of the marital residence. The clerk is ORDERED to disburse those funds as follows:
a) $30,000.00 to Frederick Wilmot c/o Melissa Needle, Esq., Schoonmaker, George and Colin P.C., P.O. Box 5059, Greenwich, CT 06831-5059, his attorney of record, as and for attorney fees as ordered in paragraph 3 of the November 27, 1998 Memorandum of CT Page 2471 Decision, to be paid from Renee Wilmot's 40% share of the proceeds of the sale of the marital residence.
b) $72,000.00 to Fredrick Wilmot, as and for the 60% of the net proceeds of the sale of the marital residence, which division was agreed to by the parties in the June 20, 1995 Separation Agreement ordered incorporated by reference in paragraph 2 of the November 27, 1998 Memorandum of Decision.
c) $18,000.00 to Renee Wilmot c/o Edward N. Lerner, Esq., 112 Prospect Street, Stamford, CT 06901, her attorney of record, as and for the remainder of the 40% share of Renee Wilmot.
II. MOTION FOR ORDER, dated December 18, 1998, motion #194.
Attorney Carolyn Swiggart, as escrow agent for the net proceeds of the sale of the Hilton Head, South Carolina property, is ORDERED to divide the $5000.00 escrow amount together with any accrued interest, and pay one half to each party care of their respective attorney of record, Melissa Needle, Esq. for the defendant and Edward N. Lerner, Esq. for the plaintiff.
III. MOTION FOR ORDER, dated December 22, 1998, motion #196.
The Plaintiff, Renee Wilmot claims that the June 20, 1995 Separation Agreement sets forth the financial obligations of the parties after the plaintiff vacated the marital residence. Pursuant to that Separation Agreement the plaintiff claims that certain sums are due her by reason of the failure of the defendant to pay the second mortgage on the marital residence. Evidence as to those payments was offered in the trial-in-chief. The court has reviewed its notes of that evidence, the file and the June 20, 1995 Separation Agreement.
Throughout the pendency of this matter including pendente lite matters and the trial, the plaintiff contested the validity of the June 20, 1995 agreement. The court finds that the plaintiff vacated the marital residence on December 1, 1995. This lawsuit was served on September 7, 1995. Paragraph 16.5 of the June 20, 1995 Separation Agreement states that the parties may modify the agreement in writing. On December 4, 1995 the parties prepared and signed a written agreement. Both parties were represented by counsel of record who assisted in the negotiation, of the December 4, 1995 agreement. Both counsel and the parties signed the agreement. CT Page 2472
The December 4, 1995 agreement was filed with the Superior Court and became a pendente lite order of the Superior Court. Pursuant to that agreement the plaintiff was to pay the second mortgage and the defendant was to pay the first mortgage on the marital residence. The plaintiff filed a motion for contempt which was heard at the time of trial. That contempt motion was decided at trial. See page 11 of the November 27, 1998 Memorandum of Decision. In regard to the contempt motion the defendant was ordered to pay the first mortgage payments due November 1, 1997, December 1, 1997, and January 1, 1998. The order on the contempt motion survived the decree and therefore was not required to be restated elsewhere in the November 27, 1998 Memorandum of Decision.
The court finds that the parties modified the June 20, 1995 Separation Agreement by their written agreement dated December 4, 1995. By the terms of the December 4, 1995 agreement, the defendant was no longer obligated to pay the second mortgage after the plaintitiff vacated the marital home, which had already occurred on December 1, 1995
Accordingly, the plaintiff's Motion for Order dated December 22, 1998, motion #196, is denied.
So Ordered
TIERNEY, J